**VIRGINIA:**

**BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD**

**IN THE MATTER OF**                                    **VSB DOCKET NO. 25-052-134903**
**JAMES MCMURRAY JOHNSON**

**MEMORANDUM ORDER OF SUSPENSION**

A panel of the Virginia State Bar Disciplinary Board (the "Board") heard this matter on April 24, 2026.  Panel members included John A.C. Keith ("Chair Designate"); Mary Beth Nash; Dawn E. Boyce; Joseph D. Platania; and Elisabeth Martingayle, Lay Member.  The Chair polled members of the Panel as to whether any of them had any personal or financial interest that may affect, or may be reasonably perceived to affect, their ability to be impartial, to which inquiry each member responded in the negative.

Elizabeth K. Shoenfeld, Senior Assistant Bar Counsel, represented the Virginia State Bar (the "Bar" or "VSB").  The Respondent was represented by McGavock D. Reed, Jr. and was present for the panel hearing.

Patrice N. Gray, court reporter, Chandler & Halasz Court Reporters, PO Box 1975, Mechanicsville VA 23116, (804) 730-1222, after having been duly sworn, reported the hearing and transcribed the proceeding.

The Clerk of the Disciplinary System ("Clerk") timely sent all legal notices of the date and place in the manner prescribed by Part Six, Section IV, Paragraph 13-18 of the *Rules of the Supreme Court of Virginia ("Rules"* or *"Rule").*

The matter came before the Board on the Subcommittee Determination (Certification) of the Fifth District Subcommittee, Section II, pursuant to Part 6, Section IV, Paragraph 13-18 of the *Rules,* involving misconduct charges against the Respondent.  Prior to the proceeding, during a

Prehearing Conference Call held on April 15, 2026, John A.C. Keith ("Chair Designate") admitted VSB Exhibits 1 through 8. Respondent's Exhibits 1-7, 9, 11 and 12 were also admitted. The parties entered into 28 numbered stipulations, set forth below.

The Board heard testimony from the following witnesses, who were sworn under oath: Traci Twomey, Jessica Zelaya, Diana Harrison Marzett, and James Johnson. The Board considered the exhibits introduced by the Bar, by the Respondent, heard argument of Senior Assistant Bar Counsel and argument of Respondent's Attorney and met in private to consider its decision.

## I.  FINDINGS OF FACT

The Board made the following findings of fact based on clear and convincing evidence and based upon stipulations submitted by the parties:

1.    Respondent was admitted to the VSB in 2007. At all relevant times, Respondent was a member of the VSB.

2.    On February 23, 2023, Respondent was appointed as the administrator of the Estate of Abelino Castro Hernandez, who died without a will.

3.    On February 27, 2023, Fairfax County Commissioner of Accounts Anne Heishman ("the Commissioner") sent a letter to Respondent which identified the filings he was required to make and the deadlines to do so.

4.    The estate inventory was due on June 23, 2023. Respondent did not timely file the inventory.

5.    On June 27, 2023, Respondent filed a petition for power of sale in the Fairfax Circuit Court seeking authority to sell a condominium owned by Hernandez. Respondent alleged that the condominium "is the primary asset of the estate and is at possible risk of foreclosure[,]" and that "[f]ailure to sell the property could result in significant loss to the beneficiaries."

6.    On September 15, 2023, the Circuit Court granted Respondent authority for power of sale for the condominium.

2

7. On March 7, 2024, the Commissioner issued a summons to Respondent at 3158 Golansky Boulevard in Woodbridge. This summons was served at the front desk of the office.

8. On April 8, 2024, Respondent filed the inventory, which was more than nine months late. The only assets listed were a bank account with $5 and the condominium valued at $162,200.

9. On May 23, 2024, Denise Farley, an auditor with the Commissioner's office, wrote to Respondent regarding problems with the inventory. The deficiencies included: (1) Respondent identified two unknown heirs but neither found them and provided notice nor filed a proper Affidavit of Notice stating he was unable to identify them; (2) the delinquency fee was not paid; (3) the filing fee was not paid; and (4) details regarding the bank account were not provided.

10. The first account was due on June 24, 2024. Respondent did not file it by the deadline.

11. On July 16, 2024, the Commissioner sent Respondent a letter reminding him that the first account was due on June 24, 2024, and asking him to submit the account as soon as possible.

12. On November 8, 2024, Respondent filed a motion for approval of sale of the condominium. The motion alleged that the condominium was in arrears with both the mortgage holder and the homeowner's association, that the best offer received for the condominium was $168,000, and that the mortgage balance and arrearage was $149,779.

13. On December 10, 2024, the Commissioner issued a summons to Respondent, this time at 3158 Golansky Boulevard in Woodbridge. This summons return stated that it was served on "Jessica Zelya-Paralegal" on January 2, 2025.

14. Respondent did not respond to the summons.

15. On February 18, 2025, Respondent filed a motion for approval of sale and lien on real property. The motion stated that the prior sale attempt did not go through as a result of a lien for unpaid child support payments against one of the estate beneficiaries. Respondent said that the best offer on the condominium was now $151,000. Meanwhile, the mortgage balance was $149,779, the homeowner's associations had liens in the amount of $4,350, and Respondent had administration costs of $11,884.

16. On February 26, 2025, the Department of Social Services, Division of Child Support Enforcement ("DCSE") filed an answer to Respondent's motion.

17. On March 6, 2025, the Commissioner filed a report of noncompliance stating that Respondent had failed to respond to the Commissioner's summons and failed to file a proper inventory and account.

3

18.    On March 6, 2025, the Commissioner submitted a bar complaint and sent a copy of the bar complaint to Respondent.

19.    On March 7, 2025, the Circuit Court entered an order authorizing Respondent to sell the condominium for $151,000 and authorized a lien against the property in the amount of $11,884 for Respondent's fees and costs. The court also ordered that Respondent could not make any distribution to the beneficiaries without prior written approval of DCSE. The Commissioner signed the order as "seen and no objection."

20.    On March 10, 2025, bar counsel notified Respondent of the Commissioner's bar complaint.

21.    On March 13, 2025, the Circuit Court entered an order requiring Respondent to appear on May 9, 2025, to show cause why he had not submitted a proper inventory and account for the estate.

22.    On March 31, 2025 - more than nine months late - Respondent filed the first account.

23.    On March 31, 2025, Tae Lee, an auditor with the Commissioner's office, wrote to Respondent regarding problems with the first account. Lee stated that the account could not be approved before the inventory was approved, the time period covered by the account was incorrect, and they needed to know whether the two unknown heirs had been identified and located.

24.    On April 4, 2025, Respondent filed an Affidavit of Notice stating that he was unable to identify the names and addresses of two unknown heirs at law. Respondent identified these unknown heirs as children of the decedent's current marriage.

25.    On April 8, 2025, the Commissioner notified Respondent that the Inventory was approved.

26.    On April 22, 2025, aJ the Commissioner's request, the Circuit Court entered an order dismissing the show cause, which reflected that Respondent had "addressed the required filings with the commissioner to the satisfaction of the commissioner."

27.    On May 5, 2025, Respondent filed another document called the first account. The only assets listed were the bank account with $5 and the condominium valued at $162,200.                                                                                     •

28.    On May 6, 2025, the Commissioner notified Respondent that the first account was approved.

In addition to the stipulations listed above, The Board made the following findings of fact based

on clear and convincing evidence:

4

1.    On July 14, 2023 the Commissioner sent Respondent a letter stating that his inventory was due on June 23, 2023.  The Commissioner asked Respondent to file the inventory within 30 days to avoid issuance of a summons.

2.    On August 24, 2023, the Commissioner issued a summons to Respondent for his failure to file the inventory. The summons was not served because Respondent's address, which was then listed as 13478 Minnieville Road in Woodbridge was vacant.

3.    On December 15, 2023, the Commissioner issued another summons to Respondent at 2026 Opitz Boulevard in Woodbridge.  The summons was not served because the office was under construction.

4.    On November 22, 2024, the Commissioner issued a summons to Respondent for failure to make required filings.  This summons was issued to Respondent at 14658 Gap Way in Haymarket.  This summons was not served because the address was a post office box.

5.    On December 20, 2024, the Commissioner issued another summons to Respondent, this time at 3158 Golansky Boulevard in Woodbridge.  This summons was served on January 2, 2025.

6.    Respondent did eventually respond to this summons.

7.    The second account was due on June 23, 2025.  Respondent did not file the second account until July 23, 2025.

8.    The Board was unable to find by clear and convincing evidence that Respondent received or was aware of any of the notices set forth above save the December 20, 2024 summons.

9.      On the basis of Respondent's testimony, the Board found that he was familiar with the deadlines for submitting the inventory and accountings for an estate and further that he knew his filings were very late.

10.      The Board found that Respondent was responsible for keeping the Commissioner updated on his address of record, whether or not he received the notices set forth above.

11.      The Board further found by clear and convincing evidence that Respondent was responsible for filing any necessary requests for extensions whether or not he received the notices set forth above.

## II.   **NATURE OF MISCONDUCT**

Based upon stipulations submitted by the parties and the additional findings of the Board, the Board finds the conduct of Mr. Johnson set forth above constitutes misconduct in violation of the following provision of the Rules of Professional Conduct:

*By failing to file the inventory and the accounting on a timely basis and by failing to resolve the deficiencies on a timely basis, and by failing to update his address of record and file any necessary requests for extensions with the Commissioner, Respondent violated:*

**RULE 1.3      Diligence**
(a) A lawyer shall act with reasonable diligence and promptness in representing a client.

The finding of the Board moots Respondent's motion to withdraw his admission to a violation of Rule 1.3(a).

The Bar did not prove by clear and convincing evidence a violation of **RULE 1.1,** therefore that alleged violation is dismissed.

6

### III.  SANCTION

After the Board announced its finding by clear and convincing evidence that the Respondent had violated the Rule of Professional Conduct identified in the Nature of Misconduct, it received further evidence and argument as to the appropriate sanction to be imposed, including aggravating and mitigating factors.

A certification of Respondent's disciplinary record in Virginia, VSB Ex. 9, indicated that Respondent had a prior disciplinary record.

The Board heard testimony from James McMurray Johnson, Respondent.  He briefly testified that he felt it was important for him to provide legal services to lower income individuals in his community.

### IV.  DISPOSITION

The Board considered all exhibits, testimony, and arguments.

The Board considered as a mitigating factor (1) Respondent's absence of a dishonest or selfish motive.

The Board considered as aggravating factors (1) Respondent's prior disciplinary offenses; (2) Respondent's pattern of misconduct; and (3) Respondent's substantial experience in the practice of law.

After due deliberation, the Board reconvened and announced its decision as follows:

It is **ORDERED** that Respondent's license to practice law is **suspended for six (6) months, effective April 24, 2026.**

It is further **ORDERED** that Respondent must comply with the requirements of Part 6, Section IV, Paragraph 13-29 of the *Rules*. The Respondent must forthwith give notice by certified

7

mail of the Suspension of his license to practice law in the Commonwealth of Virginia, to all clients for whom he is currently handling matters and to all opposing Attorneys and presiding Judges in pending litigation. The Respondent must also make appropriate arrangements for the disposition of matters then in his care in conformity with the wishes of his clients. The Respondent must give such notice immediately and in no event later than 14 days of the effective date of the Suspension, and make such arrangements as are required herein as soon as is practicable and in no event later than 45 days of the effective date of the Suspension. The Respondent must also furnish proof to the Clerk of the Disciplinary System of the Virginia State Bar within 60 days of the effective date of the Suspension that such notices have been timely given and such arrangements have been made for the disposition of matters.

It is further **ORDERED** that if the Respondent is not handling any client matters on the effective date of the Suspension , he shall submit an affidavit to that effect within 60 days of the effective date of the Suspension to the Clerk of the Disciplinary System at the Virginia State Bar. The Board must decide all issues concerning the adequacy of the notice and arrangements required herein.  The burden of proof shall be on the Respondent to show compliance.  If the Respondent fails to show compliance, the Board may impose a sanction of Revocation or additional Suspension for failure to comply with the requirements of subparagraph 13-29 of the *Rules.*

It is further **ORDERED** that pursuant to Part Six, Section IV, Paragraph 13-9 E. of the *Rules,* the Clerk shall assess all costs against the Respondent.

It is further **ORDERED** that the Clerk shall mail an attested copy of this Memorandum Order of Suspension to Respondent, James McMurray Johnson, by certified mail, return receipt requested to his Virginia State Bar address of record, Johnson Law Firm PC, 14658 Gap Way, Unit 196, Haymarket, Virginia 20168-8411, and by email to jmj@jlfva.com  and a copy by

8

electronic mail to McGavock D. Reed, Jr., Respondent's Counsel, and to Elizabeth K. Shoenfeld,

Senior Assistant Bar Counsel.

ENTERED this 6th day of MAY  2026

VIRGINIA STATE BAR DISCIPLINARY BOARD

John A.C. Keith, Chair Designate

9